UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
DONNA SABELLA,

                 Plaintiff,

     vs.

ELTMAN, ELTMAN & COOPER, P.C.

                 Defendant.
-------------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff DONNA SABELLA ("Plaintiff"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendant ELTMAN, ELTMAN & COOPER, P.C. ( "Defendant" and/or "EEC") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION

      1.     This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

      2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

      3.     Venue is proper in this District 28 U.S.C. § 1391(b)(1) and (2) because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in the State of New York and County of Nassau and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

5. Defendant EEC is a debt collection law firm and New York business entity and engaged in business of collecting consumer debts in this state and judicial district with its principal place of business located at 140 Broadway, 26th FL, New York, NY 10005-1108, and is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

6. Defendant EEC regularly attempts to collect consumer debts due to another in the State Courts in New York.

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

9. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or about February 10, 2000, an unknown law firm filed a lawsuit against Plaintiff in the Nassau County District Court – 1st District, titled <u>Creditrust A/O ATT Universal Card v. Donna Sabella</u>, Index Number CV-001771/00 ("<u>state action</u>").

11. Plaintiff was never served with summons and complaint as required by the CPLR.

12. Subsequently, a default judgment was obtained against Plaintiff for the alleged debt by Creditrust A/O ATT Universal Card.

13. On information and belief, on a date better known to the Defendant, an unknown entity/person, either directly or through intermediate transactions assigned, placed, transferred, or sold the alleged debt to EEC for collection ("the alleged debt").

14. Since approximately October 2012 through present, Defendant has been attempting to collect the alleged debt now reduced to judgment.

15. From approximately October 2012 through present, Defendant has been mailing to Plaintiff "Asset Investigation Results" claiming that Plaintiff has money at various banks and threatening to institute involuntary proceedings to take Plaintiff's money.

16. Defendant mailed "Asset Investigation Results" to Plaintiff in October 2012, March 2013, and May 2013.

17. On or about May 31, 2013, Defendant mailed said "Asset Investigation Results" to Plaintiff in an attempt to collect the alleged debt.

18. Defendant's letter states the "Creditor to Whom the Debt is Owed" as "Merriman Investments, LLC".

19. Said statement by Defendant is deceptive and misleading as Plaintiff was sued by and a default judgment was entered in favor of Creditrust A/O ATT Universal Card rather than Merriman Investments, LLC.

20. At no time did Defendant disclose to Plaintiff or provide notice that the alleged debt was assigned from Creditrust A/O ATT Universal Card to Merriman Investments, LLC or other entities.

21. On information and belief, the assignment of the default judgment for the alleged debt was not validly assigned; even if validly assigned Defendants failed to provide Plaintiff with notice of the assignment.

22. It is deceptive, misleading and confusing to Plaintiff that Creditrust A/O ATT Universal Card obtained a judgment against her but that it is Merriman Investments, LLC that is owed payment; Merriman Investments, LLC was not a party to the state action.

23. Defendant's "Asset Investigation Results" are a deceptive and misleading practice in violation of the FDCPA.

24. Defendant's "Asset Investigation Results" contain false threats to take action that Defendant will not take.

25. For more than 1 year Defendant has been threatening Plaintiff with their "Asset Investigation Results" that Defendant would institute involuntary proceedings to take Plaintiff's money from her bank.

26. Despite Defendant's numerous threats, Defendant has taken no action.

27. Defendant has made more than 1 threat to take money from Plaintiff's account at New York Community Bank.

28. Plaintiff's account at New York Community Bank contains social security funds and therefore cannot be garnished.

29. Defendant's threats to take money from an account containing exempt funds demonstrate that Defendant's threats were false.

30. On or about March 29, 2013, Plaintiff and Defendant spoke on the telephone.

31. At that time Plaintiff spoke with Defendant's debt collector and agent who identified herself as "Helena".

32. Defendant through "Helena" made a number of false, deceptive, and misleading statements to Plaintiff in violation of the FDCPA.

33. Defendant falsely stated to Plaintiff that the alleged debt would remain on her credit report for "20 years".

34. Defendant falsely stated to Plaintiff that the alleged debt would accrue interest at 9% per day rather than per annum under New York law for judgments.

35. Plaintiff asked Defendant for basic information regarding the alleged debt.

36. Defendant stated that they do not have basic information about the alleged debt.

37. Defendant falsely stated to Plaintiff that they "not a collection agency" and that "This is a law firm that enforces judgments".

38. Said statement in line 37 is false as Defendant is a "debt collector" as defined by the FDCPA.

39. Defendant falsely implicated to Plaintiff that as long as Defendant was a law firm and not a collection agency that Defendant need not prove any of their claims to payment.

40. These collection communications from Defendant were abusive, deceptive, misleading, unfair, unconscionable and illegal communications in an attempt to collect this disputed debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(4), 1692e(8), 1692e(10), 1692e(14), 1692f, 1692f(1) and 1692g, amongst others.

41. As a consequence of the Defendant's action(s) in the year prior to filing of the instant action, the Plaintiff seeks damages, attorneys fees and costs pursuant to FDCPA § 1692k.

42. The actions and inactions of Defendant, as plead in their entirety in this complaint, are deceptive and unlawful acts and practices directed at Plaintiff that caused her injury and/or actual damages.

43. As a consequence of the Defendant's action(s) in the year prior to filing of the instant action, the Plaintiff seeks damages, attorneys fees and costs pursuant to New York State General Business Law § 349.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692d-preface.

   b. 15 U.S.C. §1692e-preface, (2)(A), (3), (4), (5), (8), (10) and (14).

   c. 15 U.S.C. §1692f-preface and (1).

   c. 15 U.S.C. §1692g.

46. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages, attorneys fees and costs in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff deceptive and unlawful acts and practices that violated New York State General Business Law § 349.

49. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been injured and/or damaged and is entitled to damages, attorneys fees and costs in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DONNA SABELLA demands judgment from the Defendant ELTMAN, ELTMAN & COOPER, P.C. as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k;

B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

C. For damages, trebled, pursuant to New York General Business Law § 349;

D. For attorneys' fees, costs and disbursements;

E. For an award of pre-judgment interest on all sums awarded and/or collected;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff DONNA SABELLA hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

Dated: March 21, 2014

Respectfully submitted,

**LAW OFFICES OF ALLISON POLESKY, P.C.**

By: /s/ Allison Polesky
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
33 S. Service Rd.
Jericho, NY 11753-1036
Phone: 516-321-4220
Facsimile: 914-610-3770
Email: apolesky@poleskylaw.com
Attorney for the Plaintiff Donna Sabella